# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 21-10747

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy Thomas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-460-1

Before Davis, Smith, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Timothy Thomas pleaded guilty to two drug offenses and was sentenced within the advisory guidelines range to a total term of 240 months of imprisonment and four years of supervised release. His sole issue on appeal is whether the district court erred in determining the drug quantity attributable to him based on his interactions with one particular

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

coconspirator, Garren Johnson, because the statements in the presentence report (PSR) lacked an evidentiary basis. Specifically, Thomas argues that the PSR's statement that he supplied Johnson with 1.5 ounces of cocaine base every week between June 2017 and September 2018 (a total of 2,594 grams of cocaine base)[1] is an unsupported and unreliable conclusory statement.

A drug quantity determination is a factual finding reviewed for clear error and will be affirmed "as long as it is plausible in light of the record as a whole."[2] A district court may adopt a PSR's finding of drug quantity "without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence."[3]

Here, the PSR relied upon the reports of law enforcement officials and interviews with the DEA case agent, who in turn relied upon intercepted cellular phone call and text communications, GPS data regarding trips taken by Thomas, statements from cooperating defendants, and controlled buys between Thomas and a confidential informant. The Government provided Thomas with unfettered access to the DEA agent in charge of the investigation and even offered to call the agent to testify in court. Thomas did not accept this offer and provided no counter evidence to rebut the

---

[1] This series of transactions accounted for 9,263.17 of the 10,737.98 kilograms of converted drug weight attributed to Thomas in the PSR. Because Thomas's offense involved between 10,000 and 30,000 kilograms of converted drug weight, his base offense level was 34. *See* U.S. Sent'g Guidelines Manual § 2D1.1(c)(3) [hereinafter U.S.S.G.]. Thomas's base offense level would have been significantly lower (30) if the disputed transactions with Johnson were excluded. *See* U.S.S.G. § 2D1.1(c)(5).

[2] *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted).

[3] *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019) (internal quotation marks, citation, and emphasis omitted).

No. 21-10747

statements in the PSR.[4] We further note that Thomas does not deny that he distributed the amounts attributed to him, only that the PSR is inadequately supported.[5]

In short, Thomas did not demonstrate that the PSR's information was "materially untrue, inaccurate or unreliable."[6] The district court's drug quantity finding is plausible in light of the record as a whole.[7]

AFFIRMED.

---

[4] *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 429 (5th Cir. 2014) (mere objections to a PSR are not competent rebuttal evidence).

[5] We have previously found the absence of an affirmative denial to be significant. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 797 (5th Cir. 2005).

[6] *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (internal quotation marks and citation omitted).

[7] *See Betancourt*, 422 F.3d at 246.